**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000085
24-FEB-2020
08:11 AM**

NO. CAAP-19-0000085

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MD, Petitioner-Appellee,
v.
PR, Respondent-Appellant,

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 18-1-1917)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Respondent-Appellant PR (**Wife**) appeals from an Order for Protection, filed on January 9, 2019, by the Family Court of the First Circuit (**Family Court**).[1] As part of the appeal, Wife also challenges the Findings of Fact and Conclusions of Law filed by the Family Court on June 20, 2019.

Wife asserts on appeal that the Family Court erred in entering the Order for Protection and making findings of domestic abuse against her. Wife argues that the Family Court improperly shifted the burden of proof to her, incorrectly found that the Protective Order was necessary to prevent domestic abuse or the recurrence of abuse, and improperly addressed domestic abuse issues through the Protective Order rather than through divorce proceedings.

---

[1] The Honorable Kristine Y. Yoo presided.

Upon careful review of the record and Wife's opening brief,[2] and having given due consideration to the arguments advanced and the issues raised, we affirm.

In August 2018, Wife filed a Petition for an Order for Protection against her husband,[3] Petitioner-Appellee MD (**Husband**), and then the next day Husband filed a Petition for an Order for Protection against Wife. Each obtained a temporary restraining order (**TRO**) against the other, and the two petitions were consolidated for hearing to determine if protective orders should be issued. Hearings were held on December 18, 2018, December 31, 2018, and January 9, 2019.

This appeal pertains only to Husband's petition for a protective order. On January 9, 2019, the Family Court issued an Order for Protection in favor of Husband for a period of one year.[4] On June 20, 2019, the Family Court filed its Findings of Facts (**FOF**) and Conclusions of Law (**COL**). Relevant to this appeal, the Family Court made the following findings and conclusions:

I. FINDINGS OF FACT

...

2. The Parties were married in February 2016 and have a child together.

---

[2] Husband did not submit an answering brief.

[3] Wife explains in her Opening Brief that, as of the date of the filing of the brief, Wife and Husband were going through divorce proceedings.

[4] The Order for Protection expired on January 9, 2020. However, Wife argues that this appeal falls under the collateral consequences exception to the mootness doctrine. The Hawai'i Supreme Court explicitly "adopted the collateral consequences exception to the mootness doctrine in cases involving domestic violence TROs where there 'is a reasonable possibility that prejudicial collateral consequences will occur' as a result of the entry of the TRO." Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 9-10, 193 P.3d 839, 847-48 (2008). Wife argues that because the parties are going through divorce proceedings and they have a young child together, there are potential collateral consequences to the Protective Order. More specifically, Wife asserts the Protective Order could cause collateral harm or damage, and influence agencies investigating future allegations involving the family and judicial custody determinations. We agree with Wife. It is reasonably possible that the unreviewed findings and conclusions of the Family Court could cause collateral harm to Wife. Thus, this appeal falls under the collateral consequences exception. Cf. id. at 11, 193 P.3d at 849.

. . .

5. [Husband] raised eighteen (18) allegations in total, and withdrew...six (6)[.]

ALLEGATIONS 5C and 5G

6. Of the remaining twelve (12) allegations, the Court finds Allegations 5C and 5G credible as follows:

Allegation 5C:

7. Sometime in June 2016, while [Wife] is either moving her belongings out of the residence or threatening to move out, [Husband] video recorded [her] behavior on his cell phone.

8. [Husband] threatened to send the video to everyone to show "how crazy" [she] was acting.

9. [Wife] grabbed [Husband's] cell phone out of his hand, went outside, and damaged the phone by smashing it on a rock.

10. [Wife] denied damaging [Husband's] cell phone.

11. Based on the circumstances, the Court finds [Husband's] testimony that [Wife] damaged [his] cell phone to be credible.

12. The Court further finds that [Wife] intentionally damaged [Husband's] phone.

13. Based on [Husband's] credible testimony of the circumstances and demeanor of [Wife], the Court finds that [Wife] intended to cause [Husband] emotional distress by smashing his phone on a rock.

14. Accordingly, the Court makes a finding of domestic abuse by [Wife] against [Husband] by a preponderance of the evidence and the Court finds that [Wife] has failed to show cause why the order should not be continued.

Allegation 5G:

15. Sometime in February 2018, the Parties got into an argument over an iPad.

16. [Wife] dug her nails into [Husband's] forearm in an attempt to grab the iPad from [him].

17. [Wife] caused "gnarly indentions" on [Husband's] forearm, which "didn't feel good" and caused pain.

18. [Wife] initially testified that she did not remember this incident.

19. During cross examination, [Wife] testified that she did not remember the incident the way that [Husband] described it in his Petition.

20. The Court finds [Husband's] testimony that [Wife] dug her nails into [Husband's] forearm to be credible.

21. Accordingly, the Court makes a finding of domestic abuse by [Wife] against the [Husband] by a <u>preponderance of the evidence</u> and the Court finds that [Wife] has failed to show cause why the order should not be continued.

. . .

## II. CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact and having considered the relevant statutes and case law, the Court enters the following Conclusions of Law:

. . .

9. Based on the findings above, the Court concludes that [Husband] has shown by a preponderance of the evidence that domestic abuse, as defined in H.R.S. Section 586-1, has occurred as to Allegations 5C and 5G.

10. The Court concludes that domestic abuse between the Parties is not an isolated event, and that a protective order is necessary to prevent a recurrence of abuse. <u>Schack v Kassebeer</u>, NO. CAAP-17-0000353 2018 WL 2441563 (App. May 31, 2018) (SDO).

11. Accordingly, the Court concludes that [Wife] has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse and is necessary for a time period of one (1) year, up to and including January 9, 2020, which is a fit and reasonable amount of time, based on the facts and circumstances in this case. HRS § 586-5.5(a).

. . . .

(Emphasis added).

Wife's first argument is that the Family Court erroneously shifted the burden of proof to her because of the conclusions in COL 11.

With regard to protective orders, Hawai'i Revised Statutes (**HRS**) § 586-5.5(a) (2018) provides in relevant part:

§ 586-5.5. **Protective order; additional orders.** (a) If, after hearing all relevant evidence, the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.

This court has interpreted HRS § 586-5.5(a) and explained that, "[w]hile at [the] hearing the respondent must 'show cause why' the protective order is not necessary, HRS § 586-5.5(a), the burden remains on the petitioner to prove the petitioner's underlying allegations by a preponderance of the evidence."

4

Kie v. McMahel, 91 Hawaiʻi 438, 442, 984 P.2d 1264, 1268 (App. 1999) (citing Coyle v. Compton, 85 Hawaiʻi 197, 206, 940 P.2d 404, 413 (App. 1997)). In the instant case, COL 11 simply mirrors the language of HRS § 586-5.5(a) and there is no indication elsewhere that the Family Court shifted the burden of proof from Husband to Wife. Indeed, the Family Court expressly made findings of domestic abuse by Wife based on the proper standard of preponderance of the evidence. Id.

Wife's second argument is that FOFs 6-21 and COLs 9-11 were erroneous because the evidence was insufficient to support a finding of domestic abuse or that a protective order was necessary to prevent a recurrence of abuse.

In addressing an appellant's claim that more proof was required to sustain a petition for a protective order under HRS Chapter 586, this court stated:

> [It] is well established that in jury-waived cases, an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge. Thus, where the trial court's determinations of fact are largely dependent upon the resolution of conflicting testimony, great weight will be accorded its findings upon review.

Kie, 91 Hawaiʻi at 444, 984 P.2d at 1270 (citations, internal quotation marks, and brackets omitted). Further, where a party challenges the sufficiency of the evidence to support a family court's decision:

> the question on appeal is whether the record contains "substantial evidence" supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by "credible evidence of sufficient quality and probative value." In this regard, the testimony of a single witness, if found by the trier of fact to have been credible, will suffice.

In re Doe, 95 Hawaiʻi 183, 196, 20 P.3d 616, 629 (2001) (citations omitted).

HRS § 586-1 (2018) provides the definition of domestic abuse:

> "Domestic abuse" means:
>
> (1) Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault,

> extreme psychological abuse or malicious property
> damage between family or household members; or
>
> (2)    Any act which would constitute an offense under
> section 709-906,[5] or under part V or VI of chapter 707
> committed against a minor family or household member
> by an adult family or household member.

(Footnote added).  Furthermore, as is relevant here, malicious property damage "means an intentional or knowing damage to the property of another, without his consent, with an intent to thereby cause emotional distress."  HRS § 586-1.

Wife argues that there was insufficient evidence to support a finding of domestic abuse with respect to Allegations 5C and 5G.  Regarding Allegation 5C, the Family Court found, in relevant part:

> [FOF] 12. The Court further finds that [Wife] intentionally
> damaged [Husband's] phone.
>
> [FOF] 13. Based on [Husband's] credible testimony of the
> circumstances and demeanor of [Wife], the Court finds that
> [Wife] intended to cause [Husband] emotional distress by
> smashing his phone on a rock.

Considering the language of § HRS 586-1, it appears the Family Court found there was domestic abuse because of "malicious property damage" when Wife damaged Husband's cellphone.

Both parties testified about Allegation 5C.  Husband testified that sometime in June 2016, he was sitting on a bar stool in the parties' house.  Wife had decided to move out, and was arguing, and Husband began recording her using his cellphone. Wife grabbed the cellphone and smashed it on a rock outside the kitchen door, cracking the frame, which was then repaired at Verizon.

---

[5]    HRS § 709-906 (2014) provides, in relevant part:

> §709-906 Abuse of family or household members;
> penalty.  (1) It shall be unlawful for any person, singly or
> in concert, to physically abuse a family or household member
> or to refuse compliance with the lawful order of a police
> officer under subsection (4). The police, in investigating
> any complaint of abuse of a family or household member, upon
> request, may transport the abused person to a hospital or
> safe shelter.

Wife testified that on the day in question, Husband was throwing her out of their house, and she was moving into a home they had purchased together. Husband "threatened" her by stating that he was going "to show everybody how crazy [she] was" by recording her with his cellphone, which upset her. Wife testified that she wanted Husband to stop filming her, but denied yelling or breaking Husband's cellphone, which she testified was evidenced by the fact that Husband "showed [her] the video after." Wife testified that although they had been to Verizon a few times for their phones, this was not because she had damaged Husband's cellphone.

Considering the trial testimony, and giving proper weight to the Family Court's credibility assessments, there was substantial evidence to support a determination that there was malicious property damage and thus domestic abuse when Wife damaged Husband's cellphone.

Wife argues that there was insufficient evidence to support a finding of domestic abuse with respect to Allegation 5G. In terms of that allegation, HRS § 586-1 states that domestic abuse includes physical harm, bodily injury, or assault.

Husband testified regarding Allegation 5G that he was holding an iPad that he purchased for his father onto which Wife had promised to download some programs. Husband told Wife that because she had not yet completed the downloads, he was going to send the iPad to his father as it was. According to Husband, Wife became irate, told Husband he could not do that, and dug the fingernails of her hands into his forearm so that he would release the iPad. Husband testified that while he was not injured, Wife left "gnarly indentations" that "didn't feel good" and caused him pain.

Wife initially testified regarding Allegation 5G that she did not remember this incident. However, she later testified that while she did in fact remember this incident, she did not remember it in the way that Husband described it.

Again, considering the trial testimony, and giving proper weight to the Family Court's credibility assessments, there was substantial evidence to support the Family Court's finding that there was domestic abuse when Wife dug her fingernails into Husband's arm and caused pain in an attempt to grab the iPad from Husband.

Wife also argues that because there was no domestic abuse, or alternatively, if this court finds that there was only one instance of domestic abuse, the Family Court erred when it decided that the domestic abuse was not an isolated event and the Protective Order was necessary to prevent a recurrence of abuse. Moreover, Wife contends that the Family Court erred when it relied on Schack v. Kassebeer, No. CAAP-17-0000353, 2018 WL 2441563 (Hawaiʻi App. May 31, 2018) (SDO) to support this decision.

In Schack, this court determined that a protective order was not necessary to prevent the recurrence of abuse because there was one instance of domestic abuse and it was unlikely that there would be anymore. Id. at *1-2 ("There is no evidence in the record, and no reasonable inferences could be drawn from the evidence, to support a conclusion that the incident was anything other than an isolated event. Accordingly, we conclude that the Family Court erred when it found that the Order was necessary to prevent a reoccurrence of abuse.")

In the instant case, the evidence supports the Family Court's findings that there were two instances of domestic abuse. Moreover, although there was testimony that the parties were living separately, there was also testimony that they were living only five houses apart. Additionally, Husband and Wife have a child together. Consequently, they were likely to interact with each other and, given the apparent tension between them, there was the potential for a recurrence of abuse. Thus, there was substantial evidence to support the Family Court's determination that domestic abuse was not an isolated event between the parties

8

and a protective order was necessary to prevent a recurrence of abuse.

Finally, Wife's third point of error is that the domestic abuse allegations should not have been addressed through the Protective Order, but through the parties' divorce proceedings. However, Wife does not cite to any authority for her assertion, and there does not appear to be any authority that would prevent a family court from issuing a protective order while divorce proceedings are ongoing.

Based on the foregoing, we affirm the Family Court of the First Circuit's Order for Protection, filed on January 9, 2019.

DATED: Honolulu, Hawai'i, February 24, 2020.

On the briefs:

Kai Lawrence,
(Rebecca A. Copeland on
opening brief),
for Respondent-Appellant.

Chief Judge

Associate Judge

Associate Judge